**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000388
23-JUL-2026
07:56 AM
Dkt. 58 SO**

NO. CAAP-24-0000388

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CALVIN ELIZARES, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPN-23-0000005)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Hiraoka, JJ.)

Petitioner-Appellant Calvin Elizares (**Elizares**) appeals from the May 7, 2024 Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**Order Denying Rule 40 Petition**) entered against him by the Circuit Court of the Second Circuit (**Circuit Court**).[1] At the conclusion of a jury trial, Elizares was convicted of, *inter alia*, Attempted Murder in the First Degree (**Attempted Murder**).[2]

---

[1] The Honorable Peter T. Cahill presided.

[2] HRS § 705-500 (1993) states:

> **§ 705-500 Criminal attempt.** (1) A person is guilty of an attempt to commit a crime if the person:
> (a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

(continued...)

Although not properly identified as such, Elizares appears to raise a single point of error on appeal, contending that the Circuit Court erred in denying his April 29, 2023 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**Rule 40 Petition**) because he received ineffective assistance of counsel at trial.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Elizares's assertion of error as follows:

---

[2](...continued)

> (b)  Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.
> (2)  When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.
> (3)  Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

HRS § 707-701 (1993) states:

> **§ 707-701  Murder in the first degree.**  (1)  A person commits the offense of murder in the first degree if the person intentionally or knowingly causes the death of:
> (a)  More than one person in the same or separate incident;
> (b)  A peace officer, judge, or prosecutor arising out of the performance of official duties;
> (c)  A person known by the defendant to be a witness in a criminal prosecution;
> (d)  A person by a hired killer, in which event both the person hired and the person responsible for hiring the killer shall be punished under this section; or
> (e)  A person while the defendant was imprisoned.
> (2)  Murder in the first degree is a felony for which the defendant shall be sentenced to imprisonment as provided in section 706-656.

Elizares argues that his trial counsel was ineffective with respect to his defense to the Attempted Murder charge because, in closing argument, trial counsel did not argue that the State's evidence did not show that Elizares had the requisite *mens rea* for Attempted Murder. Elizares relatedly argues that, even though Elizares himself testified he "never even had a gun . . ., Defense counsel should have argued that even though this [testimony] is true, the State's evidence, even if believed by the jury, did not show the requisite intent to kill."

To establish ineffective assistance of counsel in Hawaiʻi, a defendant must show "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence" and "2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. Yuen, 154 Hawaiʻi 434, 444, 555 P.3d 121, 131 (2024). To satisfy the second prong, the defendant need only show a possible, rather than probable, impairment of a potentially meritorious defense. Id. However, "Counsel's assistance need not be errorless nor will it be judged ineffective solely by hindsight." State v. Antone, 62 Haw. 346, 348, 615 P.2d 101, 104 (1980). "Defense counsel's tactical decisions at trial generally will not be questioned by a reviewing court." Id. at 352, 615 P.2d at 106; see also State v. Adviento, 132 Hawaiʻi 123, 150, 319 P.3d 1131, 1158 (2014) (observing that, even where trial court has a duty to instruct the jury on a potential defense, defense counsel has discretion to determine whether to argue the defense during closing).

3

As recounted in the unchallenged findings of fact set forth in the Order Denying Rule 40 Petition, the two complaining witnesses testified, *inter alia*, that Elizares confronted them with a hand gun and a shot gun, accused them of betraying him, ordered them restrained, struck the female witness, and directed someone to put them in the trunk of a car and take them out to the pineapple fields. The female complaining witness testified, *inter alia*, that Elizares pointed the weapons at them, told them they were going to die, and this was their last day on earth, prior to their being tied up with their mouths taped shut and put in the trunk from which they later escaped. The male complaining witness testified, *inter alia*, that Elizares "sort of" told him he was going to die that night. After they were able to escape from the trunk of the moving vehicle and the complaining witnesses ran in different directions, Elizares found the male and took him back to the shack where the incident began. They did not catch the female.

Elizares testified at trial that Brian Wong (**Wong**) was the one who was "ballistic" and "crazy" during the incident and had been awake smoking crystal meth for days. He testified that it was Wong who lifted a pistol, ordered the complaining witnesses to be tied and taped, and struck the female. Elizares stated that as Wong was about to drive away with the complaining witnesses in the trunk, Elizares took his pistol away, emptied it, placed it under the passenger, and did not know if Wong was going to kill them or just trying to scare them.

Consistent with Elizares's testimony, trial counsel argued that the evidence showed it was Wong who was responsible

for the incident, that he was "a beast," and "the center of drug trafficking" in the community. Counsel argued at length that neither complaining witness should be believed due to the female's recent drug use, other involvement with drugs, the male's lies to the police, their motivations to protect Wong, and attacked their credibility noting, *inter alia*, their problematic backgrounds. The defense strategy was clearly to attack the credibility of the other witnesses and to urge the jury to believe Elizares's testimony. As Elizares testified that it was Wong, not him, that pulled a gun, scolded the complaining witnesses, struck one, ordered them bound and gagged and thrown in the trunk to be taken out to the pineapple fields, it was clearly a tactical decision not to then argue, even if you believe the complaining witnesses instead, the evidence does not demonstrate the requisite intent to kill them.

We conclude that trial counsel was not ineffective for not making a contradictory argument that would have undermined Elizares's main defense theory as well as his credibility. We will not second guess counsel's strategic choice to present a single, cohesive argument to the jury. Viewed as a whole, counsel's closing argument was consistent with Elizares's testimony and the overarching defense presented throughout the trial. We cannot conclude that counsel rendered ineffective assistance by declining to advance an argument premised on facts the defense otherwise denied.

For these reasons, the Circuit Court's May 7, 2024 Order Denying Rule 40 Petition is affirmed.

DATED:  Honolulu, Hawaiʻi, July 23, 2026.

On the briefs:

Steven Slavitt,
for Petitioner-Appellant

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge